Samuel J. ROGERS, Plaintiff-Appellant
Cross-Appellee,

v.

**GRACEY–HELLUMS CORP. et al., Defendants-Appellees Cross-Appellants.**

No. 30524.

United States Court of Appeals,
Fifth Circuit.

May 26, 1971.

Rehearing Denied July 2, 1971.

Donald G. Cave, Baton Rouge, La., for plaintiff-appellant.

Charles J. Hanemann, Jr., O'Neal, Henderson, Hanemann & Morris, Houma, La., for Gracey-Hellums Corp. and Argonaut Ins. Co.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and THORNBERRY, Circuit Judges.

PER CURIAM:

This appeal from a judgment in favor of the "seaman" in this Jones Act case, based on allegations of negligence and unseaworthiness raises only fact questions. The successful plaintiff complains of the finding by the trial court that his "gross negligence" accounted for 66⅔% of the cause of his serious injury. Negligence findings are peculiarly fact findings and they cannot be disturbed on appeal unless we conclude that they are clearly erroneous, or that the trial court manifestly used an improper standard. We find no application of an improper standard, and we are simply unable to find that the allocation of fault was clearly erroneous.

The failure of the trial court to find the "vessel" (in fact a drilling tower) unseaworthy was, if error, harmless because the rule of contributory negligence would, as applied by the court here, leave the parties in precisely the same positions as they now find themselves in—33⅓% negligence to be charged to the vessel and 66⅔% to the plaintiff.

The appeal by the defendant below is without merit, since it also goes solely to the fact findings by the trial court.

The judgment is affirmed.