32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert CRITTENDON, Plaintiff-Appellant,
v.
CHICAGO & NORTHWESTERN TRANSP. CO., Defendant-Appellee.
 No. 93-2948.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 11, 1994.
Decided June 10, 1994.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Crittendon appeals a jury verdict in his personal injury suit under the Federal Employers Liability Act (FELA), 45 U.S.C. Secs. 51-60. While the jury returned a verdict of $88,250, it also found that Crittendon was 90% at fault, and reduced his award accordingly. This appeal follows the denial of Crittendon's motion for new trial on the issues of contributory negligence and damages.
 
 
 2
 The accident leading to the suit occurred while Crittendon was working as a diesel electrician for the appellee, a railroad. Crittendon injured his back while attempting to remove a battery field connector from a damaged locomotive. He slipped on some debris that was resting on the locomotive. He saw the debris and knew that it might be dangerous. Tr. 162, 171. According to the railroad's work rules, Crittendon was required to avoid, correct and do anything necessary to minimize the danger of tripping hazards, even if doing so required him to perform tasks outside his job description. Tr. 179, 182, 184, 226. The railroad provided supplies for this purpose and Crittendon knew where to find them. Tr. 163-64 He admitted that it would have been possible to remove the debris. Indeed, the railroad presented testimony that it would have taken only a couple of minutes to clean up the engine. Tr. 328.
 
 
 3
 After the accident, Crittendon was released to work by his doctor with no restrictions. Crittendon continued to complain of pain, however, and his doctor eventually agreed to give him a 35-pound lifting restriction. Tr. 98-99. When that doctor cleared him to return to work, he sought another doctor and continued to complain that he could not perform the lighter work assigned to him. Tr. 152. Apparently, none of his doctors could find anything objectively wrong with him that would prevent him from functioning as an electrician. Tr. 236, 241-45, 250, 264. Crittendon later took jobs driving and cleaning buses and delivering pizzas. Tr. 106, 185.
 
 
 4
 At trial, Crittendon's psychologist testified that Crittendon stated that he had not followed his rehabilitation program because he was concerned about appearing to have recovered and about reducing his damages in this case. Tr. 310-11. There is also evidence that the back injury of which Crittendon complains is identical to and perhaps only an extension of an earlier non-work related back injury. Tr. 274, 257-59, 269, 277. The jury was instructed to apply these facts to determine whether and to what extent Crittendon was contributorily negligent. Tr. 501, 529.
 
 
 5
 Crittendon contends--based on several cases in which the trier of fact apportioned liability differently than the jury did here--that this court should set aside the jury's determination of total damages and its apportionment of liability.[1] However, we will not overturn a jury verdict or reweigh the evidence unless there is no reasonable basis in the record for the verdict. Carmel v. Clapp & Eisenberg, P.C., 960 F.2d 698, 703 (7th Cir.1992); see also Taylor v. Burlington N. R.R., 787 F.2d 1309, 1314 (9th Cir.1986) (contributory negligence is a jury question under FELA).
 
 
 6
 Here, there was a reasonable basis in the record to support the amount of the damages award. The jury heard substantial evidence that Crittendon's complaints could be attributed to a prior back injury, that his doctors found he could still function as an electrician, that he failed to mitigate his damages by cooperating in his own rehabilitation and that he had taken subsequent jobs which seem difficult for a man with his purported injury. Likewise, while the 90% apportionment of liability may appear extreme, this apportionment was amply supported by the record. In particular, Crittendon admits he was aware of the debris, the supplies for removing the debris and the rules requiring him to remove tripping hazards. And none of the cases cited by Crittendon which apportion a lower percentage liability to the plaintiff stands for the proposition that a similar apportionment is required in somewhat comparable (but certainly not identical) cases. See, e.g., Lewis v. United States Navigation Co., 57 F.Supp. 652 (S.D.N.Y.1944); Rogers v. Gracey-Hellums Corp., 442 F.2d 1196 (5th Cir.1971).
 
 
 7
 Crittendon also claims that the verdict resulted from unfair tactics by defense counsel, who Crittendon alleges attempted to portray him as opportunistic, litigious and dishonest by making a series of improper and prejudicial comments during opening and closing arguments. Further, Crittendon claims that defense counsel injected the issue of insurance coverage into the case in violation of Federal Rule of Evidence 411. With two exceptions, however, Crittendon failed to object to the alleged improprieties during trial, thus waiving these claims. Deppe v. Tripp, 863 F.2d 1356, 1364 (7th Cir.1988).[2] Further, in civil cases such as this, we do not apply the plain error doctrine to arguments of counsel. Id. at 1360-64. With regard to the two occasions where Crittendon did object, we find that defense counsel's statements were adequately supported by the record and that, in any event, they were not sufficiently prejudicial to warrant reversal.[3] Thus, Crittendon was not prejudiced and the district court's judgment is AFFIRMED.
 
 
 
 [1]
 In actual fact, it is somewhat unclear whether Crittendon is appealing the verdict, as we presume here, or the denial of the motion for new trial. However, denial of a new trial motion is subject to review only in exceptional circumstances where the district court has clearly abused its discretion in assessing whether the verdict was against the weight of the evidence, the damages were excessive, or the trial was otherwise unfair. Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361, 365 (7th Cir.1992). As indicated below, the jury's apportionment of liability and damages award are amply supported by the record and, thus, there was no abuse of discretion
 
 
 [2]
 We note that Crittendon's claims that defense counsel's conduct prejudiced him would not succeed even had he not waived them. To constitute reversible error, references to insurance coverage must be "due to some misconduct or improper remarks or questions of counsel, ofttimes repeated, and calculated to influence or prejudice the jury." Adams Labs., Inc. v. Jacobs Eng'g Co., 761 F.2d 1218, 1226-27 (7th Cir.1985). Defense counsel referred to insurance only once, while questioning Crittendon's own witness, and apparently to show that Crittendon had negotiated the 35-pound lifting restriction. Tr. 386. Further, the contested opening and closing statements by defense counsel--regarding Crittendon's prior back problems and his relationship with one of the witnesses--appear to be substantiated by the record. Tr. 39-40, 46, 50, 146-47, 152-56, 223-25, 309-10, 495, 517-18
 
 
 [3]
 Crittendon objected once during defense counsel's opening argument, when counsel contrasted his ability to do subsequent jobs with his claimed inability to do his railroad work. Tr. 48. This comment seems to be harmless, given the other evidence that Crittendon remained capable of functioning as an electrician. During counsel's closing argument, Crittendon also objected to counsel's assertion that he would return to work after the trial. Tr. 517-18. In our view, this assertion was a comment on Crittendon's credibility and an extension of counsel's argument, amply supported in the record, that Crittendon could, in fact, return to work